IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERMAN JOHNSON,

    Petitioner,                          No. CIV S-08-2995 GEB CHS

    vs.

MICHAEL KNOWLES,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. On April 14, 2010, findings and recommendations issued herein, recommending that the petition be denied.

        On May 20, 2010, petitioner filed a motion for a temporary restraining order and preliminary injunction. Petitioner requests that respondent be ordered to replace (or reimburse him for) the "briefs, transcripts, police report, petitions filed on [] petitioner's behalf, court[] orders, and unpublished opinions" which were allegedly lost by staff during the period of time that petitioner was separated from his personal property while on suicide watch from September 9, 2009 until September 28, 2009. Petitioner states that he needs his missing legal documents in order to file objections to the pending findings and recommendations.

/////

1  Petitioner's request for injunctive relief is not properly brought within this habeas
2  corpus action.  A habeas corpus action pertains solely to challenging "the fact or duration" of
3  confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th cir. 1991).  In contrast, claims concerning
4  the conditions of one's confinement are properly raised in a civil rights complaint.  *See Bivens v.*
5  *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Nelson v.*
6  *Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that... challenge the conditions of
7  a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of
8  the [habeas] core and may be brought pursuant to a [42 U.S.C.] § 1983 [action] in the first
9  instance."); *Badea*, 931 F.2d at 574 (9th Cir. 1991) (challenges to conditions of confinement by
10 state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas
11 corpus petition).

12  The pending motion for temporary restraining order seeks relief concerning the
13 conditions of petitioner's confinement and thus the appropriate vehicle for his request would be a
14 separate action brought pursuant to 42 U.S.C. § 1983.  Accordingly, it will be recommended that
15 petitioner's motion for temporary restraining order and preliminary injunction be denied.  By
16 separate order, an extension of time will be granted for petitioner to file objections to the pending
17 findings and recommendations.

18  IT IS HEREBY RECOMMENDED THAT petitioner's May 20, 2010 motion for
19 temporary restraining order and preliminary injunction be denied.

20  These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-
22 one days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
25 shall be served and filed within seven days after service of the objections.  Failure to file
26 objections within the specified time may waive the right to appeal the District Court's order.

1   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

2   DATED: May 26, 2010.

*/s/ Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE